Morris Sherman
vs.                    No. 54347
Morris Cohen

April 14, 1926

BLODGETT, J. Heard upon motion of defendant for a new trial after verdict of a jury for plaintiff for $2521.50.

Action arises out of a building contract.

A view of the premises was taken. The building consisted of a store on Charles street, Providence, built by plaintiff under contract. The original contract was in writing, signed by both parties. This contract, as to certain particulars, was evidently waived by the defendant, as appears from the testimony.

The specifications were drawn by an architect. The architect, however, had no part in the supervision of construction. He was employed by the defendant to draw up plans and specifications. It is evident from the record that defendant, occupying a store and carrying on the furniture business at a location across the street from his new building, possibly from motives of economy, retained the supervision of the construction in himself.

Early in the carrying out of the contract a dispute arose between the parties as to the cost of laying the foundation of the new building. It was located on the bank of a river which here crosses Charles street. Plaintiff claimed that certain unforeseen difficulties had arisen in laying such foundation, owing to the nature of the ground, and the location on the river bank, which necessitated the laying of piles, an expense not anticipated when the contract was made.

The parties met at the location accompanied by the architect, who apparently acted as a referee, and soundings were taken to determine the nature of the ground.

The architect testified that the parties then and there agreed that the extra expense of laying such piles should be paid by the defendant.

The items in plaintiff's bill of particulars covering this extra cost amounted to $349, and as the jury found for the plaintiff for the entire amount of the plaintiff's claim, it must be assumed the figures of the bill of particulars were accepted as fair in this respect. There was no contrary evidence as to these items.

May 27, 1922, the parties met to settle questions which had arisen and plaintiff affixed his signature to a certain paper marked "Deft's Ex. 3," and certified the same to be correct. In it were included the amount of the original contract, viz: $7975.00, and the amount of a "collateral" (so called) contract, including all charges and extras to date, viz: $1700.00, total being $9675.00. The defendant was credited with payments on account of $2000.00, leaving the balance on May 27, 1922, as $7675.00.

This, then, may be accepted as the amount claimed by the plaintiff as due him May 27, 1922 on the original contract.

May 29, 1922, according to the bill of particulars, an item of $250 appears as the cost of raising the building. The record shows that the interior construction of the building was changed by the parties from three stores to a single store under one roof, and the annexation to said store of a garage, and the raising of the building, and also certain changes in the interior. The record further shows a change was made in the plate glass windows.

Plaintiff claimed all these changes were extras. Defendant disputed this claim.

The amount of these extras set out in bill of particulars up to July 10, 1922, was $735, making the total amount of extras up to this date $1084.50.

In the bill of particulars there is set out an item of $1000 as balance due, making total amount claimed as $2084.50.

The jury in its finding of $2521.50 evidently allowed the entire claim of plaintiff with interest. From certain figures on the back of Deft's Ex. 3, it appears this $1000 balance was made up July 10, 1922, by deducting from $3635.17, a credit of $2635.17. There is no testimony as to the author of these figures, however.

July 10, 1922, the parties met at the office of Maurice Robinson, an attorney, and the plaintiff and Luigi Marone, a sub-contractor on the work, signed and made oath to a certain affidavit marked "Deft's Ex. 1."

In this affidavit is found the following:

"that this affidavit is made to induce Morris Cohen (deft.) to pay the balance of the contract price amounting to Four Thousand Seven Hundred Ninety-Five Dollars and Seventeen Cents ($4,795.17)."

Defendant claimed that this amount represented the entire amount then claimed by plaintiff as due both on the contract and all extras to that date, and further that defendant then agreed to allow him five per cent on the entire contract in consideration of the amount then and there advanced to the plaintiff by defendant.

It appears (see checks marked "Deft's Ex. 4") that in addition to certain payments made to certain subcontractors July 10, 1922, that a payment was made to defendant of $2635.17. By reference to certain figures alluded to as appearing on the back of "Deft's Ex. 3" this amount of $2635.17 was deducted from a balance of $3635.17, leaving the balance due on the contract at that time (July 10, 1922), $1000.

Plaintiff contends that the question of the amount due for extras was purposely left out of this affidavit

and that the amount then paid was paid on account of the original contract. Mr. Robinson before whom the affidavit was sworn to, failed to throw much light on this disputed question. The language used, "balance of the contract price," is somewhat ambiguous. It would have been an easy matter to have settled any ambiguity that might have arisen afterwards by adding the words "and extras."

Referring now to the balance struck on May 27, 1922, (Deft's Ex. 3), we find the words, "Collateral contract including all charges and extras to date $1700."

In the book of account kept by plaintiff (Deft's Ex. 2) on page 2 appear the items as to changing garage and adding same to store, total being $1770.00. This added to amount of original contract $7975.00 and deducting all payments on account leaves a balance of $1000 claimed due on original contract and "collateral contract," so called.

Plaintiff claims all extras, amounting to $1029.50, were never included in the original or collateral contract.

What the parties meant by the use of certain terms in the two papers submitted was a question of fact for the jury in the first instance. As to the balance struck May 27, 1922, it will be noted that what is called the "collateral contract," viz.: for adding the garage to the store appears from plaintiff's books to have been agreed upon April 22, 1922. The extra work claimed by plaintiff to have been necessitated by laying piles for a foundation was performed between March 6 and March 13, 1922. This work was finished apparently before the addition of the garage to the store was contemplated.

Apparently in this loosely conducted operation the plaintiff kept three things distinct, viz.: the original contract, the collateral contract and extras.

A plea in set-off was filed by defendant and testimony was submitted thereon. An expert testified for the defendant, and all these questions were submitted to the jury, and were all proper matters for the jury to pass upon.

It is rather curious that both written documents signed by plaintiff might easily be construed either for or against plaintiff, and yet the words in a strict interpretation would be construed to support construction put upon same by the plaintiff.

Motion for new trial denied.

For Plaintiff: Edward M. Sullivan and John J. Sullivan.

For Defendant: Cooney & Cooney and Robinson & Robinson.